**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON LEE HAMMOND,<br><br>Plaintiff<br><br>v.<br><br>WASHOE COUNTY SCHOOL DISTRICT,<br><br>Defendant | Case No.: 3:26-cv-00221-CSD<br><br>**Order**<br><br>Re: ECF No. 49 |

Before the court is defendant Washoe County School District's motion to stay discovery pending resolution of its motion to dismiss. (ECF No. 49.) Plaintiff has opposed (ECF No. 52).

For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Plaintiff has filed suit against Defendant, asserting three Title VII claims. Defendant has moved to dismiss on several grounds, including timeliness and exhaustion.[1] (ECF No. 26.) In addition to opposing the motion to dismiss, Plaintiff has filed a motion for leave to file a second amended complaint. (ECF No. 47.) Both motions are fully briefed, and discovery is nearing its end. Defendant seeks a stay of any further discovery until the pending motions have been resolved.

[1] Defendant first moved to dismiss the original complaint (ECF No. 15), but did so unaware that Plaintiff had recently filed an amended complaint. The first motion to dismiss is therefore moot, and will be denied as such by way of a separate order.

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted).

At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding." A "'stay of discovery is directly at odds with the need for expeditious resolution of litigation.'" *Flynn v. Nevada*, 345 F.R.D. 338, 349 (D. Nev. 2024).

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.[2] This court has generally used the preliminary peek approach to assess whether a stay is warranted pending resolution of a dispositive motion and will apply that standard here.

Under the "preliminary peek" approach, the court looks at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the

[2] Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

potentially dispositive motion and is convinced that the motion will be successful. *Kor Media*, 294 F.R.D. at 581 (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Id.* at 583 (citation omitted). "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

In moving to dismiss the complaint, Defendant argues that Plaintiff's claims are time-barred for two separate reasons: (1) Plaintiff did not file the complaint within 90 days of receiving the right-to-sue letter, as required by 42 U.S.C. § 2000e–5(f)(1), and (2) Plaintiff did not file her EEOC complaint within 180 days of the actions complained of. Defendant also argues that the complaint is subject to claim preclusion, due to the earlier dismissal of Plaintiff's complaint filed with Nevada's Employee Management Relations Board, and that it otherwise fails to state a claim.

The court has taken a preliminary peek at the motion to dismiss and its related briefing and exhibits and concludes that Defendant's motion is likely to be granted on one or more of the grounds raised. Further, Plaintiff's proposed second amended complaint will not cure the defects in her complaint, so in all probability that motion will be denied.

Even assuming Defendant's lengthy delay in seeking a motion to stay weighs heavily against granting a stay, the strength of Defendant's arguments -- and the consequent likelihood that this action will be dismissed -- are more than enough to offset that weight. In addition, the court is not persuaded that a delay in discovery will greatly prejudice Plaintiff.

If this action survives the motion to dismiss, the parties will of course be permitted to finish their uncompleted discovery. And, finally, the court will be deciding the motion to dismiss in due course, so there is no significant danger that the evidence will become "stale."

## III. CONCLUSION

In accordance with the foregoing, Defendant's motion to stay discovery (ECF No. 49) is **GRANTED**. Discovery is hereby stayed pending further order of the court.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Craig S. Denney
United States Magistrate Judge