**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHANNON LEE HAMMOND,

Plaintiff

v.

WASHOE COUNTY SCHOOL DISTRICT,

Defendant

Case No.: 3:26-cv-00221-CSD

**Order**

Re: ECF Nos. 22, 25

Plaintiff in this action has filed an *ex parte* motion for appointment of counsel. (ECF Nos. 22, 25.) The motion also contains a request for a protective order against the disclosure of her financial information, which was included in support of her motion for counsel. (*See id.*)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." In addition, "in such circumstances as the court may deem just, the court may appoint an attorney for [a Title VII] complainant. . . ." 42 U.S.C. § 2000e-5(f)(1).

That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of

these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

The lack of a legal education or familiarity with the law are circumstances common to almost all pro se litigants and generally do not rise to the level of exceptional circumstances. In addition, the need to conduct research, investigation and discovery are common to all litigation and do not automatically make a case complex. Further, as discussed in other recently filed orders of the court, Plaintiff's complaint is likely time-barred, so the merits of her case do not support appointment of counsel.

In short, this case does not present the exceptional circumstances necessary to justify appointment of counsel. Plaintiff's motion for appointment of counsel will therefore be denied.[1]

Plaintiff has also requested that the court enter a protective order covering the financial information that she has filed in support of her motion for appointment of counsel.

Under Federal Rule of Civil Procedure 26, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

To the extent Plaintiff seeks a protective order regarding the financial information included within her motion for appointment of counsel -- and to that extent only -- the court finds good cause for the issuance of a protective order and grants Plaintiff's request. There is no reason for the public or the defendant to have access this information at this time, and therefore it

---

[1] Because the court denies Plaintiff's motion, it will not require her to file a separate, unsealed version of her motion on the court docket. However, Plaintiff is advised that if, in the future, she seeks to file anything else under seal, she must file a separate motion for leave to file under seal, as well as a publicly accessible version of the document that redacts the information she seeks to remain sealed.

may remain *ex parte* and under seal. *See In re Bos. Herald, Inc.*, 321 F.3d 174, 189-91 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public," and documents submitted by a criminal defendant to show financial eligibility for Criminal Justice Act funds are not subject to disclosure and press access); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 593 (9th Cir. 2020) (explaining that *In re Bos. Herald* discussed "documents that are not in fact part of the record of judicial proceedings").

To the extent Plaintiff's request could be interpreted to extend any further, the request is premature and is therefore denied without prejudice.

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 22) is **DENIED**. Her motion for protective order regarding the financial information submitted in support of that motion is **GRANTED IN PART and DENIED IN PART**, as set forth in this order.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Craig S. Denney
United States Magistrate Judge