**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHANNON LEE HAMMOND,

Plaintiff

v.

WASHOE COUNTY SCHOOL DISTRICT,

Defendant

Case No.: 3:26-cv-00221-CSD

**Order**

Re: ECF Nos. 26, 47

Plaintiff filed her complaint in this action on March 27, 2026, asserting three claims under Title VII, 42 U.S.C. § 2000e *et seq*., as well as a claim of constructive discharge. (ECF No. 2.) Plaintiff later filed a first amended complaint omitting the constructive discharge claim. (ECF No. 12.) Plaintiff's claims arise from her employment with Washoe County School District as an administrative secretary in the Facilities Maintenance Department.

Defendant has moved to dismiss the first amended complaint. (ECF No. 26.) Plaintiff has opposed (ECF No. 29), and Defendant has replied (ECF No. 33). Plaintiff has also submitted supplemental evidence. (ECF No. 45.)

In addition, Plaintiff has moved for leave to file a second amended complaint. (ECF No. 47.) Defendant has opposed (ECF No. 48). Plaintiff did not reply, and the time for doing so has expired.

For the reasons that follow, Defendant's motion to dismiss will be granted, and Plaintiff's motion for leave to file an amended complaint will be denied.

# I. MOTION TO DISMISS

Defendant moves to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), raising several grounds: (1) the complaint was not filed within 90 days of receipt of the EEOC's right-to-sue letter, as required by 42 U.S.C. § 2000e–5(f)(1); (2) the claims in are time-barred because they were not timely filed with the EEOC; (3) the EEOC did not meaningfully investigate Plaintiff's complaint; (4) Plaintiff's claims are subject to claim preclusion; and (5) the complaint fails to state a claim for relief.

Because the court concludes the complaint was not timely filed in accordance with the 90-day deadline of 42 U.S.C. § 2000e–5(f)(1), it need not and does not reach the remainder of Defendant's arguments.

**A. Standard**

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id.* at 679.

Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678.

The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. It must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

**B. Ninety Days**

"An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency." *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) (citing 42 U.S.C. § 2000e–5(f)(1)). "This filing period is a statute of limitations." *Id.* "If a litigant does not file suit within ninety days of the date EEOC dismisses a claim, then the action is time-barred." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (internal punctuation omitted).

"For notices transmitted via traditional mail service," the limitations period is measured "from the date on which a right-to-sue notice letter arrived at the claimant's address of record. *Payan*, 495 F.3d at 1122; *see also Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992) (explaining the claimant need not have the notice "in hand" for the 90-day period to begin)." *Asuncion v. Hegseth*, 150 F.4th 1252, 1257 (9th Cir. 2025).

In the age of electronically transmitted notices, the limitations period starts on the date a claimant "could realistically be held responsible for having access to the [agency's decision] and learning what the agency had decided." *Id.* at 1259. This date will – in most cases -- be when the email advising the claimant of the agency's decision arrives in the claimant's inbox, so long as nothing external to the claimant prevents the claimant from accessing the decision on that date. *See id.* at 1257-59 (discussing cases from other circuits).

As discussed in *Asuncion*, the Seventh Circuit found untimely a complaint filed 91 days after the claimant had received in his inbox notice of the EEOC's decision, a password-protected copy of the decision, and the password to access the decision, even though the claimant had not been able to open the decision until the following day due to his own technical difficulties. *Lax v. Mayorkas*, 20 F.4th 1178, 1181-83 (7th Cir. 2021). The Eighth Circuit has found a limitations period began to run the day the claimant's attorney received an email advising that a "new document" had been added to the claimant's file on the EEOC online portal along with a hyperlink to the right-to-sue notice, even though claimant's attorney could not access the right-to-sue notice because he had lost the password. *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1070-71 (8th Cir. 2024).

Although the Ninth Circuit ultimately concluded in *Asuncion* that the limitations period did not begin for the plaintiff on the date the first email notifying claimant of the agency decision

was received, it was not because the panel disagreed with the decisions in *Lax* and *McDonald* but because the facts of *Asuncion* were clearly distinguishable. In *Asuncion*, the claimant's attorney received notice that the agency had made its final decision, but the notice did not explain what that decision was nor did it advise that the claimant had 90 days to sue. 150 F.4th at 1254, 1259. Because the agency – repeatedly -- sent the wrong password needed to access the decision, the claimant's attorney was unable to access the actual decision for nearly a month, not until after the agency sent him an unencrypted copy of the decision. The Ninth Circuit held that the limitations period did not begin to run for Asuncion until his attorney received the unencrypted copy of the agency's decision, both because the attorney's inability to access the decision was due to agency error and because the original email notification did not explain what the agency's decision was nor notify the claimant he had 90 days to file suit. *See Asuncion*, 150 F.4th at 1259.

In the present case, Plaintiff dual-filed her complaint with the EEOC and the state agency on or about December 15, 2025. (FAC at 24 (ECF No. 12).) On December 18, 2026, the EEOC dismissed the charge and issued a Right-to-Sue letter. (*Id.* at 16.) Around the same time, Plaintiff received a right-to-sue letter from the California Civil Rights Department, dated December 17, 2026, which advised Plaintiff she had a year to file in state court. (ECF No. 2 at 16.)

On December 26, 2025, the EEOC sent Plaintiff an email with the subject line, "Reminder: Time-Sensitive EEOC Final Decision for EEOC Charge 550-2026-00017." (*Id.* at 19.) The email is attached to both the original and first amended complaints. In the email, Plaintiff was advised that the EEOC had dismissed her charges, that a Determination and Notice of Rights was available through the EEOC Public Portal and she should log on to download and read it, that the email and the Determination and Notice of Rights were her official notice that the

EEOC had dismissed her charges, and that she had 90 days from receipt of "this notice" to file a Title VII lawsuit. (*Id.*)

The EEOC's December 26, 2025, email clearly advised Plaintiff that her charges had been dismissed and that she had 90 days to sue. Had she logged into the portal, as instructed, she also would have received the letter on the EEOC's letterhead at the same time.[1] *Long v. Amazon.com Servs. LLC*, No. C23-209RSL, 2024 WL 1860168, at *2 (W.D. Wash. Apr. 29, 2024), *aff'd*, No. 24-3257, 2025 WL 2977748 (9th Cir. Oct. 22, 2025) ("When a plaintiff is notified of a Right to Sue Notice via an email directing them to the EEOC online portal, the plaintiff cannot 'postpone the beginning of the 90-day clock to file a civil suit simply by refusing or neglecting to access the portal.'"). The deadline for her to initiate her federal lawsuit therefore began to run on that date.[2]

Plaintiff initiated this action on March 27, 2026 – 91 days after she received notice of the EEOC's decision and obtained access to her right-to-sue letter.[3] (ECF No. 1.) Her complaint is therefore untimely.

Plaintiff seeks application of equitable tolling, arguing that receipt of the California letter confused her because she did not know which of the two deadlines – the 90 days identified in the EEOC letter or the year identified in the California letter – applied.

---

[1] Plaintiff has not argued that she was unable to access the right-to-sue letter on December 26, 2025.

[2] Plaintiff at times appears to concede that she received the EEOC's Right-to-Sue letter on December 18, 2025. (*See* ECF No. 29 at 6, 8). But it also seems like she believed the California letter to be the EEOC letter. (*See id.* at 3). This issue is unnecessary for the court to consider further, because even assuming Plaintiff did not receive the EEOC's Right-to-Sue letter when it was issued on December 18, 2026, it is clear from the face of the complaint that she did receive notice of the EEOC's decision and 90-day timeline -- *at the latest* -- on December 26, 2025.

[3] While it is possible, and perhaps even likely, that Plaintiff received notice of her right to sue even earlier, no evidence attached to the complaint supports this conclusion.

The court finds Plaintiff's argument unavailing. Putting aside the clear administrative error that occurred when the California Civil Rights Department issued Plaintiff a Right-to-Sue letter, that letter advised Plaintiff she had a year to file *in state court*. (ECF No. 2 at 16.) Plaintiff checked the box asking for her charges to be dual filed with her state agency, so she was aware that both the EEOC and the state agency would be considering her charges. There is no reasonable basis for any confusion as to the deadline for filing a complaint in *federal court* based on a letter advising Plaintiff of the deadline to file in state court, especially when Plaintiff undisputedly received notice from the EEOC and an admonition that she had 90 days within which to file suit.

On that point, Plaintiff's assertion that the EEOC letter was initially issued on California letterhead is contradicted by the very evidence she provides. Plaintiff argues that on April 15, 2026, she contacted the EEOC to ask why her Right-to-Sue Letter was from California and asking for the Right-to-Sue letter on EEOC letterhead. She asserts that the EEOC responded by issuing a corrected notice on EEOC letterhead. In fact, the EEOC responded that the California letter was an administrative error and continued: "Your charge of discrimination was dual filed with the Nevada Equal Rights Commission attached is a copy of *that* notice and *another copy* of the Notice of Right to Sue we issued you." (ECF No. 29 at 25 (emphasis added).) Nothing in this email supports Plaintiff's contention that the original EEOC Right-to-Sue letter was issued on the California agency's letterhead and only later corrected, in April 2026, to be on EEOC letterhead.

At most what occurred was that Plaintiff received the California letter and then did not follow the instructions in the EEOC's December 26, 2025, email to log into the portal to retrieve the EEOC Right-to-Sue letter. Plaintiff's lack of diligence in this respect is not a basis for

equitable tolling. "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017); *see also Ilaw v. Daughters of Charity Health Sys., Inc.*, 585 Fed. App'x 572 (9th Cir. 2014) ("Equitable tolling applies only where the claimant demonstrates that he pursued his rights diligently, and that extraordinary circumstances stood in his way.") (unpublished disposition).

Accordingly, the court finds the complaint was not timely filed and there are no grounds for equitable tolling. On that basis, this action must be dismissed.

## II. MOTION TO AMEND

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

A proposed amendment is "futile" only if it is "clear … that the complaint could not be saved by any amendment." *Frainski v. State of Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010). Leave to amend may be denied if the proposed

amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Because Plaintiff's complaint was not timely filed, amendment would be futile. Plaintiff's motion for leave to file a second amended complaint is therefore denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (ECF No. 26) is **GRANTED**, and Plaintiff's motion for leave to amend (ECF No. 47) is **DENIED**. The Clerk of Court shall enter final judgment accordingly and **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: November 20, 2026

Craig S. Denney
United States Magistrate Judge